Welch, J.
The plaintiffs are clearly entitled to the relief they seek against Caldwell and William Dunn, so far as regards the mortgage debt. It seems to be well-settled law, that a specific devisee of land incumbered by a mortgage, can not, as between him and general pecuniary legatees — and a fortiori he can not, as between him and specific legatees or devisees — avoid the burden of paying the mortgage debt. He takes the land cum onere, unless the debt can be satisfied out of the personal assets, after payment of debts and legacies, out of land descended to the heir, or from some fund provided in the will for its payment. As between him and his co-devisees and legatees, he takes only the equity of redemption in the land devised, and must himself pay the mortgage debt if it is to be paid. It follows that the amount so paid by the executor upon this mortgage must be refunded by Caldwell and William, in proportion corresponding with the value of the land -of each, to be applied by the executor in payment of the debts and legacies.
It is claimed for plaintiffs, in the second place, that by the provisions of the 14th item of the will, the proceeds of the sale of the one hundred acre tract devised for Robert’s life support, are to be added to the fund for the payment of debts and legacies, and that the eight children named therein take nothing by that item but the residuum of the whole fund. We do not so understand the item. We ■construe it as giving to them, specifically and absolutely, the proceeds of the land, together with the residuum of the fund for payment of debts and legacies. The item is curiously worded, but it seems to us plainly inadmissible to give to it the construction claimed for it on behalf of the plaintiffs. The last clause of the -the item, “ after paying,” etc., evidently refers to, and qualifies, the words “remainders or excess,” and was not ^intended to make the bequest of the “proceeds” residuary or conditional.
It only remains to inquire if the plaintiffs are entitled to contribution from the specific devisees. If they are not, then the legatees take nothing by the will, because the money paid on the mortgage is less than the amount of debts still unpaid, and will not reach or benefit the legatees. As between specific legatees and devisees, *390 where the property or money devised or bequeathed is taken to pay debts, and it can not be otherwise replaced, contribution may undoubtedly be enforced. And counsel may be correct in contending that, on principles of natural justice, and in the absence of authority, such ought to be the law also as between general and specific devisees and legatees. But the law has been settled otherwise by a long course of decisions which ought not now to be disturbed. If the law thus established is unjust, the remedy is with-the legislature, and not with the courts. The only legislation we have in Ohio on the subject is contained in sections 58 and 59 of the wills act, 2 S. & C. 1627, which seem to us to be substantially declaratory of the common law, so far as this question is concerned. Section 58 is as follows :
“ Sec. 58. When any estate, real or personal, that is devised, shall be taken from the devisee for the payment of the debts of the testator, all the other devisees and legatees shall contribute their respective proportions of the. loss to the person from whom the estate is taken, so as to make the loss fall equally on all the devisees and legatees, according to the value of the property received by each of them, excepting all as [as is] provided in the following section.”
If this section stood alone, the plaintiffs would clearly be entitled to the relief they seek. But section 59 seems, by an undeniable implication, to say, that property specifically devised or bequeathed is “virtually exempted ” from “liability to contribute.” The section is as follows:
“ Sec. 59. If, in such case, the testator shall, by making a specific devise or bequest, have virtually exempted any devisee or legatee from his liability to contribute, with the others, for the payment of the debts, or if he shall, by any Mother provision in the will, have prescribed or required any appropriation of his estate, for the'payment of his debts different from that prescribed in the preceding section, the estate shall be appropriated and applied in conformity with the provisions of the will.”
It is admitted that this is not to be understood as an exemption from liability to contribute to other specific devisees or legatees. It must, then, if it has any operation at all, refer to contributions sought by general legatees; and, in this sense, it is a mere affirmation of the law as it existed before.
It follows, therefore, that the right of the plaintiffs to contribu *391 tion depends upon the question whether they are to be regarded1 as mere general pecuniary legatees, or whether their bequests are-not in the nature of specific legacies, or of the kind denominated. “ demonstrative legacies.” If of the latter kind, they stand on the same footing, so far as the right to contribution is .concerned,, with specific devises and legacies. But are they of this description? A demonstrative legacy is “a bequest of a sum of money payable out of a particular fund or thing.” It is a pecuniary legacy, “ given generally, but with a demonstration of a particular fund as the source of its payment.” It is, therefore, equivalent to,, or in the nature of, a devise or bequest of so much,- or such a part of the fund or thing specified. The legacies in question were not of this description. The fund provided was not for the payment of legacies alone. It was for the payment of debts also. It consisted, in part, of the fund set apart by the law for the payment of debts and legacies, and the testator merely directed that an addition should be made to that fund by selling part of the real estate. It was a general fund, for general purposes, and not a specific fund for a specific purpose. The provision is no more than a direction to change part of the real estate into money, thereby augmenting the personal assets, which the law itself sets apart for the payment of debts and legacies. The fund was primarily for the payment of debts, and was made up in the same way the law itself would have made it up, by selling land and adding the proceeds to the personal assets. Had specified parts of the ^property been set apart for the payment of these legacies, and specified parts thereof to the payment of debts, the case would have been different. Then, to the extent to which the fund designated for payment of legacies had been intrenched upon for payment of debts, the legatees could have compelled contribution. As it is, they must be regarded as general pecuniary legatees, and as such are not entitled to call upon the devisees to contribute.
A decree may be entered accordingly.
Day, C. J., and White, Brinkerhoee, and'Scott, JJ\, concurred.